IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RYAN TIMOTHY O'NEAL, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:25-cv-78 |
| v. | |
| WARDEN WILLIAM DANFORTH, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff moved to proceed *in forma pauperis*, and I granted his motion by Order dated September 2, 2025. Doc. 6. Plaintiff has not complied with this Order, and the time to do so has elapsed. As described below in further detail, I **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for his failure to follow this Court's Order and to prosecute, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

**BACKGROUND**

On August 11, 2025, Plaintiff, proceeding pro se, filed a Complaint against Defendants, alleging they violated his constitutional rights. Doc. 1. Plaintiff later filed a motion for leave to

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). As noted elsewhere, the Court forewarned Plaintiff his failure to comply with the Court's Orders would result in the dismissal of his case. Doc. 6. In addition, Plaintiff has the opportunity to respond to this Order.

proceed *in forma pauperis*, which I granted on September 2, 2025. Docs. 5, 6.[2] The Court directed Plaintiff to return the attached forms within 30 days of the Order and advised Plaintiff his failure to return the forms within these 30 days would result in the dismissal of his cause of action for failure to prosecute and to follow this Court's Order. Doc. 6 at 2. There is nothing before the Court indicating its mailings were returned as undeliverable or failed to reach Plaintiff. Plaintiff has not submitted the requisite financial forms, and the time to do so has elapsed.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order. For the reasons set forth below, the Court **DISMISSES without prejudice** Plaintiff's Complaint and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Follow This Court's Order and to Prosecute**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also

---

[2]      The Clerk of Court sent Plaintiff a notice informing him of the availability of a Magistrate Judge to preside over his cause of action, and Plaintiff consented to my plenary review. Docs. 4, 7.

[3]      In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Orders would result in dismissal of this action. Doc. 6.

Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted

3

on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Plaintiff having failed to provide the Court with necessary financial documents or otherwise respond to the Court's Order, the Court cannot move forward with this case. See 28 U.S.C. §§ 1914 & 1915.  Moreover, Plaintiff was given notice of the consequences of his failure to follow the Court's Order, and Plaintiff has not done so.  Thus, the Court **DISMISSES without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and to prosecute and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

II.     **Leave to Appeal *in Forma Pauperis***

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual

allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and to prosecute, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**SO ORDERED**, this 17th day of November, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA